IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

**JEFFREY HENRY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 13-06323, 13-06324          John W. Campbell, Judge**

_____

**No. W2016-02435-CCA-R3-ECN**
_____

The Petitioner, Jeffrey Henry, pled guilty on January 12, 2015, to three counts of aggravated sexual battery and received an effective twenty-year sentence. Subsequently, on September 22, 2016, he filed an untimely petition for writ of error coram nobis, alleging as newly discovered evidence that the victim was taking medication for oppositional defiant disorder, which, he believed, raised questions as to whether her responses were true or, simply, impulsive responses. Not knowing the victim was taking this medication meant that the Petitioner's pleas of guilty were unknowing and involuntary, according to his argument. Additionally, he asserts that the decision of the Tennessee Supreme Court in Frazier v. State, 495 S.W.3d 246 (Tenn. 2016), violates his right to due process, which, in his view, tolls the one-year statute of limitations for filing his claim. The coram nobis court dismissed the petition, finding that, pursuant to the holding in Frazier, the relief the Petitioner sought was not available because he had entered pleas of guilty. Further, the coram nobis court determined that the Petitioner had been aware that the victim was undergoing "some possible mental health treatment." Accordingly, the coram nobis court denied relief, and we affirm that determination pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Randal G. Rhea, Memphis, Tennessee, for the appellant, Jeffrey Henry.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

# MEMORANDUM OPINION

In its order denying relief, the coram nobis court held that it was bound by the holding of our supreme court in Frazier and, therefore, could not consider the Petitioner's arguments that the opinion violated his right to due process of law. Further, the coram nobis court found that, in a prior proceeding, the Petitioner had acknowledged that "he was aware that the victim was undergoing some possible mental health treatment" and "that he discussed this with his lawyer." Accordingly, the coram nobis court determined that the alleged fact was not "newly discovered," as the Petitioner claimed.

In Frazier, 495 S.W.3d at 248, our supreme court held that "a guilty plea may not be collaterally attacked pursuant to the coram nobis statute." As an intermediate appellate court, we may not reinterpret this decision of our supreme court. Further, we agree with the coram nobis court that the Petitioner's prior knowledge of the victim's possible mental health treatment indicates that his so-called newly discovered evidence is not new at all and that, as a result, his coram nobis petition was untimely. Thus, we affirm the denial of relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE